DELLA L. FRANKLIN, RESPONDENT, *v.* BENJAMIN C. SCHERMERHORN AND SARAH A. SCHERMERHORN, APPELLANTS.*

*Civil damage act — Chapter 646, Laws of 1873, constitutional — Vague and inexplicit — what recoverable under — Exemplary damages.*

Chapter 646, of the Laws of 1873, known as the civil damage act, was within the clear discretion of the legislature as part of its police and sovereign power, and is not within any of the prohibitory clauses of the Constitution.

The act is so vague that while the legislature doubtless intended, to give a single right of action and single damages to one person, a right of action is given, or may arise, to a husband or wife and each of their children, be they ever so many.

Where the husband of the plaintiff was a cripple and could earn but little for the support of his family, consisting of the plaintiff and four children, and he received a quarterly pension of fifty-four dollars, and on the day he received it got intoxicated, in part at the defendants' house, and thereby lost or had stolen fifty dollars, *held*, that under the statute, the plaintiff, as wife, was only entitled to recover her proportionate share, or one-fifth thereof, and that it was error on the part of the Circuit judge to refuse so to charge.

The verdict of the jury was for $175. *Held*, that it was not a case for exemplary damages; that although the jury, in this class of cases, have the right to give exemplary damages, yet they should only be given where there are circumstances of abuse or aggravation proved on the part of the vendor of the liquor, which were wanting in this case.

* See *post*, pp. 128, 148.

APPEAL from a judgment entered on the verdict of a jury, in favor of the plaintiff and against the defendants, and from an order denying a motion made at Special Term for a new trial founded on a bill of exceptions.

The defendants were husband and wife, and the wife was the owner of the premises upon which the husband had kept a hotel for two years and over, prior to the 21st of September, 1874. Plaintiff's husband was a cripple, and on or about the 20th of September, 1874, went to Belmont, drew his pension money, fifty-four dollars, and afterwards went to defendants' hotel and drank intoxicating liquor, and from what he drank then and what he had drank before, became intoxicated, and through some means got hurt and lost fifty dollars in money. Plaintiff and her husband had four children under eight years of age who were supported by the husband from his labor and from his pension money. This action was brought under chapter 646, Laws of 1873. On the trial the jury gave a verdict for plaintiff, for $175.

*Angel & Jones,* for the appellants.

*V. A. Willard,* for the respondent.

E. DARWIN SMITH, J.:

The question raised at the Circuit and discussed at Special Term in respect to the constitutionality of the civil damage act (chap. 646 of the Laws of 1873, p. 1016), was correctly disposed of at the Circuit and at Special Term, and the exceptions to the decision of the Circuit judge not well taken. To enact such a statute was within the clear discretion of the legislature, as part of its police and sovereign power, and is not in conflict with any of the prohibitory clauses of the Constitution of the United states or of the State Constitution. The act must be deemed part of the excise law of the State, which has been repeatedly held constitutional. (*Metropolitan Board of Excise* v. *Barrie,* 34 N. Y., 657 ; *Baker* v. *Pope,* 5 N. Y. Sup. Ct. [T. & C.], 102.)

The act is too vague and inexplicit, and presents much difficulty in its practical operation for the construction of the courts, and it certainly requires, if it is to remain upon the statute book, consid-

erable amendment and modification. While the legislature has provided in the general excise law for granting license for the sale of intoxicating drinks, it has superadded in legal effect in this statute, that such license shall be given, taken and received subject to the qualifications contained in this act; and that every person taking such license shall be personally responsible for the consequences involved in the sale of such liquors.

The act admits, if it does not require, a construction far more sweeping, I think, than could have been intended by the legislature. This case presents an instance of the intrinsic injustice involved in its practical working.

The first section of the act declares that "every husband, wife, child, parent, guardian, employe or other person, who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her name, against any person who shall, by selling or giving away intoxicating liquors, cause the intoxication, in whole or in part, of such person or persons." The legislature, I think, intended to give a single right of action, and single damages to one person; but a right of action is given, or may arise to a husband or wife, and each of their children, be they ever so many, as well as to the other persons named in said section.

In this case the action is brought by a wife, and the proofs show that she had four children under the age of eight years. That her husband was a cripple and could earn but little for the support of his family, and that he received, quarterly, a pension of fifty-four dollars; that on the 20th of September, 1874, he received such pension and got intoxicated, in part, at the defendant's house, and lost his money, and received some injury while so intoxicated, which interfered, to some extent, with his capacity for work, but what the injury was, and how it affected him, and how long he was so affected, does not appear.

It is apparent from the evidence that the jury might properly find that the fifty dollars, the amount remaining unspent by him, was lost (though probably stolen), in consequence of his intoxication. In this view they were entitled to give the plaintiff a verdict for her proportionate share of this fifty dollars upon the evi-

dence in the case. She testified that she and her children were dependent upon her husband for support, and that he was unable to support them without this pension. This fifty dollars was necessary in this view for the support of herself, her husband and their four children. If the statute had given her the right to sue in behalf of herself and all of her children, or family dependent upon this money, or the services of the father for their support, or a guardian had been appointed for these children, and their respective interests had been duly assigned to her, then the real object of this statute could have been carried out by a single verdict ; but now she was not entitled to recover but one-fifth of the amount of said fifty dollars, while in fact under the evidence I should presume that the jury actually took into account, and must undoubtedly have done so, the fact that she was the mother of four infant children deprived in part of their means of support through the intoxication of their father.

The jury, I think, under the charge and under the refusal to charge as requested, that the plaintiff could not recover separately the whole fifty dollars, and that each of the children could maintain a separate action for the damages sustained by either of them respectively for the same cause, did in fact in their verdict find for the plaintiff for the loss of the whole of said fifty dollars. Their verdict was $175, and there is no basis that we can see for such a verdict in the evidence, except for said fifty dollars. The case was not one for exemplary damages so far as we can see from the evidence contained in the bill of exceptions, and if the question came before us upon a case, we should feel bound to grant a new trial for excessiveness of the damages. The jury in this class of cases have power to give exemplary damages, but they clearly should not be allowed to do so in ordinary cases where nothing is proved but the simple sale of a single glass of liquor under ordinary circumstances. Exemplary damages should only be given when there are circumstances of abuse or aggravation in the case proved on the part of the vendor of the liquor. The plaintiff's husband was not intoxicated solely by liquor sold him at the defendants' house, but in the same afternoon and evening it appears he had purchased and drank liquor at three other places before he drank at the defendants' hotel.

The verdict appears to us too large, and we think it was, if so, probably caused or influenced by the charge of the Circuit judge, and his refusal to charge as above stated, and upon this ground think the judgment should be reversed and a new trial granted, with costs to abide the event.

Judgment reversed and new trial granted, costs to abide event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment reversed and new trial ordered, costs to abide event.